UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

INEZ EDWARDS,

        Plaintiff,                    Case No. 1:22-cv-1059

v.                                    Honorable Jane M. Beckering

UNKNOWN VALDEZ et al.,

        Defendants.
_____/

**OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff was previously granted leave to proceed *in forma pauperis*. (ECF No. 5). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Stump. The Court will also dismiss, for failure to state a claim, Plaintiff's First Amendment retaliation claim against remaining Defendant Valdez. Plaintiff's Eighth Amendment claim against Defendant Valdez will remain in the case.

**Discussion**

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues the following IBC officials: Corrections Officer Unknown Valdez and Corrections Supervisor Unknown Stump. (Compl., ECF No. 1, PageID.1–2, 4.)

In Plaintiff's complaint, he alleges that on "11-23-22,"[1] he and Defendant Valdez "got into a heated argument about [Plaintiff] and other juvenile prisoners who received monetary settlements for civil complaints which had been filed and recently settled." (*Id.*, PageID.4.)[2] Defendant Valdez stated: "You little punks always complaining about being abused, yet you broke the law to get here." (*Id.*) "Plaintiff responded, 'go fuck yourself you fat fuck.'" (*Id.*) Defendant Valdez then stated: "I'm tired of your shit. Ima [sic] get your little bitch ass stabbed." (*Id.*) Plaintiff states that he "made complaints to [Defendant] Stump, who did not respond." (*Id.*)

The next day, "11-24-22,"[3] "while Plaintiff was waiting to be let out for exercise yard, [Defendant] Valdez opened Plaintiff's door." (*Id.*) Plaintiff and his cellmate then exited the cell,

---

[1] Plaintiff initiated this action on November 14, 2022, which, according to the facts alleged in the complaint, would be before the date of the alleged incident with Defendant Valdez. Later in Plaintiff's complaint, he describes an event that would have occurred after the initial events in November as occurring on February 8, 2022. (*See* Compl., ECF No. 1, PageID.4.) Under these circumstances, it appears that Plaintiff may have intended to reference November 23, 2021, rather than November 23, 2022.

[2] In this opinion, the Court corrects the punctuation in quotations from Plaintiff's filings.

[3] As noted above, based on the date that Plaintiff initiated this action, it appears that Plaintiff likely intended to reference November 24, 2021, rather than November 24, 2022. *See supra* note 1.

2

and as they were walking by the "Unit 5 base," Defendant Valdez told them to go back to their cell because it was not their "yard time." (*Id.*) "As Plaintiff and his cellmate were returning to their cell, a prisoner ran out from behind the shower curtain on Plaintiff's wing and began stabbing the Plaintiff in the head and face with a prison-made knife (shank), 4 or 5 times." (*Id.*) An unnamed officer (not a party) then chased the attacking prisoner away. (*Id.*) At some point, Defendant Valdez "whispered, 'got you bitch.'" (*Id.*) Thereafter, Plaintiff was taken to health care and received treatment "for several puncture wounds." (*Id.*)

Plaintiff states that he was then "placed on involuntary protection and placed in a punitive segregation cell on 11-24-22," and was held there for four months. (*Id.*, PageID.5.)

Subsequently, on "2-8-22,"[4] Defendant Valdez "stopped at Plaintiff's cell" during third shift and stated: "You thought I was joking when I said I was going to get you fucked up? I got something else for you when you get out." (*Id.*, PageID.4.)

Based on the foregoing allegations, Plaintiff alleges that Defendants Valdez and Stump violated his Eighth Amendment rights and that Defendant Valdez violated his First Amendment rights. (*Id.*, PageID.5.) As relief, Plaintiff seeks a declaratory judgment, as well as compensatory and punitive damages. (*Id.*, PageID.6.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

---

[4] As discussed above, it appears that Plaintiff's initial interaction with Defendant Valdez and the subsequent stabbing by another inmate may have occurred in November of 2021, rather than November of 2022. *See supra* note 1. Therefore, Plaintiff's reference to February 8, 2022, appears to include the correct year.

3

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  First Amendment Retaliation Claim

Plaintiff first alleges that Defendant Valdez violated his First Amendment right to be free from retaliation. (Compl., ECF No. 1, PageID.5.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). As explained below, Plaintiff fails to state a First Amendment retaliation claim against Defendant Valdez.

With respect to the first element of a retaliation claim, the filing of a civil rights action constitutes protected conduct. *See Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). However, courts have held that a prisoner's act of calling an officer an offensive name or making other offensive statements toward an officer does not constitute protected conduct. *See Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (discussing that a prisoner calling a hearing officer a "foul and corrupted bitch" was not protected conduct because the comment fell within the definition of "insolence" under the MDOC Policy Directive governing prisoner misconduct); *see also Caffey v. Maue*, 679 F. App'x 487, 490–91 (7th Cir. Feb. 15, 2017) (holding that an inmate's name-calling of guards (calling them unprofessional) was a challenge to the guards' authority that was not protected by the First Amendment); *Felton v. Huibregtse*, 525 F. App'x 484, 487 (7th Cir. 2013) (citations omitted) (holding that the use of disrespectful language was not protected conduct); *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 858, 864 (5th Cir. 2004)

5

(concluding that an inmate who accused a chaplain of theological errors during a religious service had engaged in an unprotected challenge to institutional authority).

Here, Plaintiff alleges that he and Defendant Valdez "got into a heated argument about [Plaintiff] and other juvenile prisoners who received monetary settlements for civil complaints which had been filed and recently settled." (Compl., ECF No. 1, PageID.4.) Although the filing of a civil rights action constitutes protected conduct, it is not clear that the act of receiving a monetary settlement as a result of the civil action would itself constitute protected conduct. Regardless, Plaintiff alleges that in the course of their "heated argument," after Defendant Valdez stated, "You little punks always complaining about being abused, yet you broke the law to get here," Plaintiff then responded, "go fuck yourself you fat fuck." (*Id.*) Following this statement by Plaintiff, Plaintiff contends that Defendant Valdez stated: "I'm tired of your shit. Ima [sic] get your little bitch ass stabbed.'" (*Id.*) The following day, Plaintiff was stabbed by another inmate. (*Id.*)

Based on the facts alleged by Plaintiff, even assuming that Plaintiff had alleged sufficient facts to show that he engaged in protected conduct, Plaintiff fails to satisfy the third element of a retaliation claim because he fails to allege facts to support an inference that the alleged adverse action—the threat to have Plaintiff stabbed and then the act of the other inmate stabbing Plaintiff— was motivated by the protected conduct. Instead, the facts alleged by Plaintiff in his complaint suggest that any adverse action taken by Defendant Valdez was motivated by Plaintiff's statement to Defendant Valdez to "go fuck yourself you fat fuck," which does not constitute protected conduct. *See, e.g.*, *Lockett*, 526 F.3d at 874; *Caffey*, 679 F. App'x at 490–91; *Felton*, 525 F. App'x at 487. While the Court does not condone Defendant Valdez's actions, the facts alleged by Plaintiff support the reasonable inference that Defendant Valdez's alleged adverse actions were taken in

6

response to unprotected conduct—Plaintiff's offensive statement to Defendant Valdez—rather than in response to any protected conduct.

Accordingly, for these reasons, Plaintiff fails to state a First Amendment retaliation claim against Defendant Valdez, and this claim will be dismissed.

### B.  Eighth Amendment Claims

Plaintiff next alleges that Defendants Valdez and Stump violated his Eighth Amendment rights. (Compl., ECF No. 1, PageID.5.)

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Id.* at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67.

### 1.  Defendant Valdez

With respect to Defendant Valdez, Plaintiff alleges that on the day that he was stabbed by another inmate, Defendant Valdez had opened Plaintiff's cell door at a time when Plaintiff and his cellmate were waiting to be let out for yard time, but that after Plaintiff and his cellmate had exited their cell, Defendant Valdez told them to return to their cell because it was not actually their yard time. (Compl., ECF No. 1, PageID.4.) As Plaintiff and his cellmate were returning to their cell, another inmate "ran out from behind [a] shower curtain" and stabbed Plaintiff. (*Id.*) Shortly thereafter, Defendant Valdez "whispered, 'got you bitch,'" which Plaintiff's allegations suggest was in reference to their interaction the day before where Defendant Valdez had stated: "I'm tired of your shit. Ima [sic] get your little bitch ass stabbed." (*Id.*) Subsequently, a couple of months later, Defendant Valdez "stopped at Plaintiff's cell" and stated: "You thought I was joking when I said I was going to get you fucked up? I got something else for you when you get out." (*Id.*)

Although Plaintiff has by no means proven his Eighth Amendment claim against Defendant Valdez, at this stage of the proceedings, taking Plaintiff's factual allegations as true and in the light most favorable to him, the Court may not dismiss Plaintiff's Eighth Amendment claim against Defendant Valdez.

### 2.  Defendant Stump

As discussed above, in order to state a failure-to-protect claim, a plaintiff must demonstrate (1) that he "objectively" was "incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834, and (2) that the official acted with "deliberate indifference" to inmate safety, "meaning the official was 'subjectively aware of the risk' and 'fail[ed] to take reasonable measures to abate it.'" *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (quoting *Farmer*, 511 U.S. at 829, 834, 847); *see supra* Part II.B. As explained below, Plaintiff's Eighth Amendment claim against Defendant Stump fails at the second element.

8

Specifically, although Plaintiff alleges in a conclusory manner that he "made complaints to [Defendant] Stump, who did not respond," Plaintiff fails to allege any facts about what he actually told Defendant Stump when Plaintiff "made complaints." (Compl., ECF No. 1, PageID.4.) Similarly, later in the complaint, when setting forth his legal claims, Plaintiff states that he "reported to Defendant Stump, who is Valdez's supervisor, before and after he was assaulted, and Stump failed to protect Plaintiff from Defendant Valdez's threats of assault," however, Plaintiff fails to allege any facts about what specifically he reported to Defendant Stump. (*Id.*, PageID.5.) Without factual allegations about what information Plaintiff included when he made "complaints" to Defendant Stump and "reported" to Defendant Stump, there are no facts in the complaint from which to reasonably infer that Defendant Stump had any awareness of a substantial risk of serious harm to Plaintiff. Instead, Plaintiff appears to ask the Court to fabricate plausibility to his claims from mere ambiguity about what Defendant Stump may have known; however, ambiguity does not support a claim. Under these circumstances, Plaintiff has failed to show that Defendant Stump "was 'subjectively aware of [a] risk' and 'fail[ed] to take reasonable measures to abate it'" because Plaintiff has alleged no facts about what he told Defendant Stump. *Reedy*, 988 F.3d at 912 (citation omitted).

Moreover, to the extent that Plaintiff intended to hold Defendant Stump liable for the actions of his subordinate (i.e., Defendant Valdez), government officials, such as Defendant Stump, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The

9

acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993). Here, Plaintiff fails to allege any *facts* showing that Defendant Stump encouraged or condoned the conduct of his subordinate, or authorized, approved, or knowingly acquiesced in the conduct. Plaintiff's conclusory allegation of supervisory responsibility is insufficient to demonstrate that Defendant Stump was personally involved in the alleged violation of Plaintiff's constitutional rights.

Accordingly, for all of the reasons set forth above, Plaintiff fails to state an Eighth Amendment claim against Defendant Stump.

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Defendant Stump will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's First Amendment retaliation claim against remaining Defendant Valdez. Plaintiff's Eighth Amendment claim against Defendant Valdez remains in the case.

An order consistent with this opinion will be entered.

Dated:   March 29, 2023                             /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge