UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INEZ EDWARDS,

    Plaintiff,

v.

UNKNOWN VALDEZ and
UNKNOWN STUMP,

    Defendants.
    _____/

Case No. 1:22-cv-1059

Hon. Jane M. Beckering

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by Inez Edwards ("Edwards"), a prisoner in the custody of the Michigan Department of Corrections (MDOC). Edwards sued two defendants, Corrections Supervisor Stump and Corrections Officer (CO) Valdez, for claims which arose at the MDOC's Bellamy Creek Correctional Facility (IBC). *See* Opinion (ECF No. 8, PageID.29-30). The Court dismissed defendant Stump. *See* Order (ECF No. 9). This matter is now before the Court on defendant Valdez's Motion for summary judgment on the basis of exhaustion (ECF No. 25). Edwards did not oppose the motion.

    **I.**    **Background**

Here, Edwards alleged: that on November 23, 2021, CO Valdez threatened to get Edwards' "little bitch ass stabbed;" that the following day CO Valdez let Edwards out of his cell whereupon he was stabbed; and, that on February 8, 2022, CO Valdez stopped at Edwards' cell and threatened that he "got something else for [Edwards] when [Edwards] get out." *See* Compl.

(ECF No. 1); Opinion at PageID.29-30.[1]  Edwards alleged that CO Valdez violated his First and Eighth Amendment rights, and seeks damages.  Opinion at PageID.30. The Court dismissed the First Amendment claim.  Edwards' only remaining claim is that CO Valdez violated his Eighth Amendment rights with respect to the stabbing incident on November 23 and 24, 2021. *Id*. at PageID.31-35.

## II.  Summary Judgment

### A.  Legal standard

Defendant Valdez has moved for summary judgment for lack of exhaustion. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support

---

[1] The Court notes that Edwards erroneously referred to the events in November 2021 as occurring in November 2022.  *See* Opinion at PageID.29-30.

2

> plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

Edwards did not file a response in opposition to the motion for summary judgment. "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). The trial court is required to "intelligently and carefully review the legitimacy of such unresponded-to motion" and cannot "blithely accept the conclusions argued in the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Id*. at 405.

**B.    Lack of Exhaustion**

**1.    Exhaustion requirement**

The Prison Litigation Reform Act (PLRA) provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007).

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

### 2. MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* MDOC Policy Directive ("PD") 03.02.130 (effective March 18, 2019). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ Q. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ Q and S. The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ S (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ W. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ DD. Finally, if a prisoner is dissatisfied with the Step II response,

4

or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ HH.

### 3. Discussion

As discussed, Edwards' remaining Eighth Amendment claim against CO Valdez involve alleged stabbing incident on November 23 and 24, 2021. The record reflects that while Edwards exhausted two grievances at IBC before he filed the complaint, neither of them addressed this claim. *See* MDOC Step III Grievance Report (ECF No. 26-3).

The earlier grievance, IBC-22-01-0093-17a ("93"), involved an alleged threat made by CO Valdez several weeks after the stabbing incident. In Grievance 93, Edwards stated that on January 8, 2022, between 10:30 p.m. and 11:00 p.m., defendant CO Valdez stated, "You thought I was joking when I told you I'm going to get you f****d up", and that "If you bring your bitch ass back to 5-block i've [sic] got something else waiting on you and if i [sic] don't happen to work that day C/O Simon will make sure you don't make it to your cell." Grievance 93 (PageID.114). Edwards stated that he feared for retaliation and that his life was in grave danger. *Id*. After investigating the grievance, the MDOC concluded that CO Valdez did not threaten Edwards on January 8, 2022. PageID.115. Edwards' appeals were denied at Steps II and III. PageID.111-113. This grievance is irrelevant because Edwards' lawsuit does not involve a claim related to Grievance 93, *i.e.*, that CO Valdez threatened him on January 8, 2022.

Finally, the later grievance, IBC-22-02-0392-17b ("392"), did not involve CO Valdez. Edwards directed Grievance 392 against CO Piggot, claiming that Piggott retaliated against him on February 9, 2022. *See* Grievance 392 (PageID.109). Edwards stated that Piggot said "he going [sic] to mess me over as long as I keep writing grievances on his co-worker", CO Valdez. *Id*. Edwards also stated that CO Piggott has been sexually harassing him. *Id*. MDOC

5

personnel issued a response and a supplemental response stating that plaintiff's complaints against CO Piggott are being investigated for Prison Rape Elimination Act (PREA) allegations. PageID.109-110.  Plaintiff's grievance against CO Piggott was denied at the Step II and Step III appeals.  PageID.106-108.  This grievance is irrelevant because Edwards' lawsuit does not involve a claim related to Grievance 392, *i.e.*, that CO Piggott retaliated against him on February 9, 2022.

Based on this record, Edwards did not properly exhaust a grievance to support his claims against defendant Valdez.  *Jones*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93. Accordingly, Valdez's motion for summary judgment (ECF No. 25) should be granted.

### III. Recommendation

For these reasons, I respectfully recommend that defendant Valdez's motion for summary judgment on the basis of exhaustion (ECF No. 25) be **GRANTED** and that this case be **terminated**.

Dated:  November 7, 2024                            /s/ Ray Kent
                                                    RAY KENT
                                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).